IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARNELL WESLEY MOON,

                   ORDER

     Petitioner,

                   09-cv-381-slc[1]

  v.

CAROL HOLINKA, MARION FEATHER,
MARK KIRBY, THEODORE EDGECOMB, JR.,
PHILLIP SHANKS, C. MONTONNA,
VICKIE BARTZ, J. HELMIN and
LIUETENANT TERRY,

     Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARNELL WESLEY MOON,

                   ORDER

     Petitioner,

                   09-cv-524-slc

  v.

CAROL HOLINKA; MARION FEATHER;
MARK KIRBY; PHILLIP SHANKS;
C. MONTONNA; VICKIE BORTZ;
VINCENT SHAW; THEODORE EDGECOMB JR.;

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the purpose of issuing this order only, I am assuming jurisdiction over these cases.

1

BECKY PEASE; N. FIELDS and
RANDY WILLIAMS;

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARNELL WESLEY MOON,

                Petitioner,

    v.

CAROL HOLINKA; MARION FEATHER;
B. TRATE; J. MARTEN; N. FIELDS and
VICKIE BORTZ

                Respondents.

ORDER

09-cv-525-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Darnell Wesley Moon is a prisoner currently confined at the Federal Correctional Institution in Oxford, Wisconsin. In these three cases, petitioner has filed pleadings on forms designed for use by prisoners seeking habeas corpus relief under 28 U.S.C. § 2241. Preliminary review of petitioner's pleadings shows he raises the following claims:

    ● Case no. 09-cv-381-slc — petitioner alleges that prison staff refuse to respond to his inmate grievances, including a complaint seeking dental care for removal of a wisdom tooth.

2

● Case no. 09-cv-524-slc — petitioner alleges that prison staff have prohibited him from corresponding with his family, opened and tampered with his mail and incorrectly rejected the appeal of an inmate grievance.

● Case no. 09-cv-525-slc — petitioner alleges that prison staff discriminated against him by refusing to give him his Christmas bag and then incorrectly rejected appeals of his inmate grievances.

These are not claims petitioner can raise in a habeas corpus action. The injury alleged in a claim, and not the relief sought, determines whether a claim is cognizable in habeas corpus or should instead be brought as a civil action. Clayton-El v. Fisher, 96 F.3d 236, 242 (7th Cir. 1996). The injuries he alleges are claims that must be brought in a civil action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), against individuals who are alleged to be involved personally in depriving petitioner of his rights.

The Court of Appeals for the Seventh Circuit has given somewhat mixed signals regarding what district courts should do when a pro se prisoner mislabels his pleadings. In Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996), the court stated: A "district court [is] not authorized to convert a § 1983 [or Bivens] action into a [habeas] action. . . . When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice." However, in Valona v. United States Parole Commission, 165 F.3d 508 (7th Cir. 1998), the court held

3

that the district court had erred in refusing to convert a habeas corpus action into a mandamus action if that was how the suit should have been styled. The court wrote, "If Valona is entitled to a writ of mandamus, then the district court should have provided him that relief in the suit he has filed, rather than requiring him to start over." Id. at 510. See also Williams v. Wisconsin, 336 F.3d 576 (7th Cir. 2003) (considering merits of habeas corpus petition that was brought under § 1983).

One way that these cases can be reconciled is if they are interpreted not as setting forth rigid rules without exceptions but as general guidelines that should be followed when the reasons for doing so are present. In Moran v. Sondalle, 218 F.3d 647, 649 (7th Cir. 2000), the court noted that "[p]risoners may be tempted to choose one route rather than another to avoid limitations imposed by Congress." See also Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999) (noting different procedural requirements and consequences of § 1983 and habeas corpus statutes as reasons for refusing to convert action).

In this case, petitioner may be attempting to avoid a number of limitations by filing his civil rights claims in petitions for a writ of habeas corpus. The filing fee for Bivens actions is $350 as opposed to $5 for actions brought under 28 U.S.C. § 2241. Further, the requirements for exhausting administrative remedies are much stricter in Bivens suits than in § 2241 actions. Compare Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000) (court must dismiss action for failure to exhaust administrative remedies once defendant

raises the issue) with Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004) (court may waive exhaustion requirements in § 2241 cases in some circumstances).

Also, actions under Bivens are subject to the 1996 Prison Litigation Reform Act, whereas habeas corpus actions are not. Under the PLRA, the court must not only assess petitioner initial partial payments of a $350 filing fee, 28 U.S.C. § 1915(a)(2), but also it must screen petitioner's complaints before they are served on respondents and dismiss them promptly if they are frivolous or malicious, fail to state a claim on which relief may be granted or seek money damages from a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2), and then it must collect the remaining portion of the filing fees from the petitioner's prison account even if his request for leave to proceed with his actions are denied, 28 U.S.C. § 1915(b)(2). In addition, if petitioner's complaints are dismissed for one of the reasons listed above, he will earn "strikes" under the three-strikes provision, § 1915(g). Moreover, in this circuit, the Court of Appeals for the Seventh Circuit has ruled that a prisoner may not "dodge" the fee payment or three-strikes provisions in the PLRA by filing unrelated claims against different defendants in one lawsuit. Instead, this court is required to apply Fed. R. Civ. P. 20 and sever any claims against different defendants or sets of defendants that do not arise out of "the same transaction, occurrence, or series of transactions or occurrences" and do not involve a question of law or fact common to all of the defendants.

5

In sum, although I will not dismiss these cases, I decline to convert petitioner's suits into other forms of actions until he has clarified his intentions. It is possible that petitioner purposely filed habeas corpus actions because he wishes to avoid the Prison Litigation Reform Act and its many provisions. Therefore, I will give petitioner until September 15, 2009, in which to inform the court in writing whether he wants these cases to be treated as Bivens actions or as petitions for a writ of habeas corpus. Petitioner should bear in mind that if he chooses to proceed under § 2241 or fails to respond to this order, I will promptly dismiss his cases on the ground that he has not alleged facts entitling him to habeas corpus relief. If he chooses to proceed with civil actions under Bivens, I will proceed to screen them pursuant to § 1915(e)(2).

ORDER

IT IS ORDERED that:

1. Petitioner may have until September 15, 2009, in which to inform the court whether he wishes this court to treat his pleadings in these cases as petitions for a writ of habeas corpus under 28 U.S.C. § 2241 or as complaints in civil actions under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

3. If, by September 15, 2009, petitioner fails to respond to this order, I will treat his actions as habeas corpus actions and dismiss them for his failure to raise a claim cognizable

in habeas corpus.

Entered this 31st day of August, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge